JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Margaret Mustin

**DEFENDANTS**

Groundworks Operations, LLC
KKR & Co., Inc.

**(b)** County of Residence of First Listed Plaintiff    Montgomery County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Caren N. Gurmankin, Esq., Console Mattiacci Law,
1525 Locust Street, 9th Fl., Philadelphia, PA 19102, 215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §621, et seq.; 42 U.S.C. § 2000e, et seq.

Brief description of cause:
Plaintiff was discriminated against because of her age and sex.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE
4/29/2025

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Montgomeryville, PA _____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?     Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?     Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?     Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?     Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.     Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief  **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒    Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐    None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Margaret Mustin | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Groundworks Operations, LLC, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
  and Human Services denying plaintiff Social Security Benefits.                             (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
  exposure to asbestos.                                                                      (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
  commonly referred to as complex and that need special or intense management by
  the court.  (See reverse side of this form for a detailed explanation of special
  management cases.)                                                                         (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           ( X )

| | | |
|---|---|---|
| 4/29/2025 | *Caren Gurmankin* | Plaintiff, Margaret Mustin |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-405-2900 | gurmankin@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| | **:** | |
| **MARGARET MUSTIN** | **:** | |
| **Oreland, PA 19075** | **:** | **CIVIL ACTION NO.** |
| | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **GROUNDWORKS** | **:** | |
| **OPERATIONS, LLC** | **:** | |
| **741 Corporate Landing Parkway** | **:** | |
| **Virginia Beach, VA 23454** | **:** | **JURY TRIAL DEMANDED** |
| | **:** | |
| **and** | **:** | |
| | **:** | |
| **KKR & Co., Inc.** | **:** | |
| **30 Hudson Yards** | **:** | |
| **New York, NY 10001** | **:** | |
| | **:** | |
| | **:** | |
| **Defendants.** | **:** | |
| | **:** | |

**COMPLAINT**

**I.   INTRODUCTION**

Plaintiff, Margaret Mustin, brings this action against her former employers,

Groundworks Operations, LLC and KKR & Co., Inc. (together "Defendants").

Defendants terminated fifty-eight (58) year old Plaintiff, the only female and by far the

oldest in her group, after passing her over for multiple promotions and instead selecting

less qualified younger and male employees for the same.  Defendants' discriminatory

conduct towards Plaintiff violated the Age Discrimination in Employment Act, 29 U.S.C.

§621, *et seq.* ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§ 2000e, *et seq.* ("Title VII"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

## II.    PARTIES

1.    Plaintiff, Margaret Mustin, is an individual and a citizen of the Commonwealth of Pennsylvania.  She resides in Oreland, PA  Philadelphia, PA 19116.

2.    Plaintiff was born in March 1965.  She was fifty-eight (58) years old at the time that Defendants terminated her employment in March 2023 (effective April 2023).

3.    Plaintiff is female.

4.    Defendant, Groundworks Operations, LLC ("Defendant Groundworks"), is a Delaware corporation with a principal place of business at 741 Corporate Landing Parkway, Virginia Beach, VA 23454.

5.    Defendant, KKR & Co., Inc., ("Defendant KKR") is a Delaware corporation with a principal place of business at 30 Hudson Yards, New York, NY 10001.

6.    Plaintiff was paid by Defendant Groundworks Operations, LLC.

7.    Defendants are engaged in an industry affecting interstate commerce and regularly do business in the Commonwealth of Pennsylvania.

8.    At all times material hereto, Defendants employed more than twenty (20) employees.

9.    At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

10.    At all times material hereto, Defendants acted as employers within the

2

meaning of the statutes which form the basis of this matter.

11.     At all times material hereto, Plaintiff was an employee of Defendants within the meaning of the statutes which form the basis of this matter.

12.     Plaintiff worked out of Defendants' location at 106 Park Drive, Montgomeryville, PA 18936.

## III.     JURISDICTION AND VENUE

13.     The causes of action which form the basis of this matter arise under Title VII, the ADEA, and the PHRA.

14.     The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. § 2000e-5 and 28 U.S.C. § 1331.

15.     The District Court has jurisdiction over Count II (ADEA) pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.

16.     The District Court has jurisdiction over all counts pursuant to 28 U.S.C. §1332 since the amount in controversy in the present action exceeds the sum or value of seventy five thousand dollars ($75,000), exclusive of interests and costs, and there exists complete diversity of citizenship, as Plaintiff is a citizen of the Commonwealth of Pennsylvania and Defendants are not citizens of the Commonwealth of Pennsylvania.

17.     The District Court has supplemental jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. § 1367.

18.     Venue is proper in the District Court under 28 U.S.C. §1391(b).

19.     On or about June 22, 2023, Plaintiff filed a Charge of Discrimination with the Pennsylvania Commission on Human Relations ("PHRC"), complaining of acts of discrimination alleged hereto.  This Charge was cross-filed with the Equal Employment

3

Opportunity Commission ("EEOC").  Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the EEOC Charge (with personal identifying information redacted).

20.     On or about January 30, 2025, the EEOC issued to Plaintiff a Dismissal and Notice of Rights for her PHRC Charge.  Attached hereto, incorporated herein and marked as Exhibit "2" is a true and correct copy of that notice (with personal identifying information redacted).

21.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.    FACTUAL ALLEGATIONS

22.     Plaintiff started working at Defendants' predecessor, BQ Basement Systems, on or about September 11, 2011.

23.     As of the time of Plaintiff's termination, of which she was notified in March 2023, she had over eleven (11) years of service at Defendants and their predecessors.

24.     Defendant Groundworks acquired Plaintiff's then-employer, BQ Basement Systems, in or around late 2021.

25.     As of around late 2021, Plaintiff became an employee of Defendant Groundworks.

26.     In or around early 2023, Defendant Groundworks entered into a strategic partnership with Defendant KKR & Co., Inc. which involved a significant investment from Defendant KKR in Defendant Groundworks.

27.     As of the time of Plaintiff's termination, she held the position of Account

4

Manager.

28.    As of the time of Plaintiff's termination, she reported directly to Michael Gulloti (male), Production Manager.  Gulloti reported directly to Sean Cahill (male), who reported to Pat Coombs (male), Regional Director.  Coombs reported to Flynn Cochran (male), Senior Vice President, Operations.

29.    According to Defendant Groundworks' website, the company currently has over six thousand (6,000) employees with over seventy-nine (79) offices.

30.    At all times material hereto, Plaintiff demonstrated excellent performance throughout her employment with Defendants.

31.    Plaintiff was treated differently, and worse, then male and/or younger employees, including that which is set forth herein.

32.    After Defendants Groundworks acquired Plaintiff's predecessor employer, in around late 2021, Defendants offered her two (2), substantially younger assistants Marketing positions.

33.    Plaintiff had trained and mentored her two (2) assistants who were invited to join Defendants Groundworks' Marketing team.

34.    No one at Defendants talked to Plaintiff about joining the Marketing team at that time, or at any time prior to her termination.

35.    No one at Defendants talked to Plaintiff about the Marketing positions being open or informed her that she was considered for the same.

36.    In or around January 2023, Defendants promoted Gulloti into the position of Production Manager.

37.    To Plaintiff's information and belief, the Production Manager position into

which Gulloti was promoted was not posted.

38.     To Plaintiff's information and belief, Gulloti was younger than she was.

39.     To Plaintiff's information and belief, she was more qualified for the Production Manager position into which Gulloti was promoted.

40.     No one at Defendants talked to Plaintiff about the Production Manager position, including why she was not selected for the same.

41.     In or around January 2023, Defendants promoted Cahill into the position of General Manager.

42.     To Plaintiff's information and belief, the General Manager position into which Cahill was promoted was not posted.

43.     To Plaintiff's information and belief, Cahill was younger than she was.

44.     To Plaintiff's information and belief, she was more qualified for the General Manager position into which Cahill was promoted.

45.     No one at Defendants talked to Plaintiff about the General Manager position, including why she was not selected for the same.

46.     In January 2023, Defendants promoted Thomas Weinert into the position of Service Manager.

47.     To Plaintiff's information and belief, the Service Manager position into which Weinert was hired was not posted.

48.     To Plaintiff's information and belief, Weinert was younger than she was.

49.     To Plaintiff's information and belief, she was more qualified for the Service Manager position into which Weinert was promoted.

50.     No one at Defendants talked to Plaintiff about the Service Manager

6

position, including why she was not selected for the same.

51. In or around January 2023, Plaintiff started reporting directly to Gulloti after he was promoted into the Production Manager position. At around that time, Gulloti started reporting directly to Cahill after Cahill was promoted into the General Manager position.

52. Plaintiff was the oldest employee directly reporting to Gulloti.

53. Plaintiff was the only female employee directly reporting to Gulloti.

54. Following Plaintiff's starting to report to Gulloti, and indirectly to Cahill:

(a) She was ignored;

(b) She was excluded from meetings and communications related to her job duties and responsibilities;

(c) She was not provided information related to her job duties and responsibilities;

(d) She was asked how much longer she planned on working;

(e) She was asked whether she needed to keep working.

55. On or about March 31, 2023, Cahill and Coombs informed Plaintiff that her employment was terminated, effective April 21, 2023.

56. Plaintiff was told that the reason for her termination was that her position was being eliminated.

57. Plaintiff was told that her job duties and responsibilities would and could be done by other employees.

58. Plaintiff said that she did not understand why she was selected for termination and why she was not offered another position instead of being terminated.

7

Cahill and Coombs did not respond to her inquiry.

59.     On or about April 5, 2023, Plaintiff sent an email to Cahill; Cochran; Matt

Malone (male), Founder and Chief Executive Officer; Kimberly McDonald, Board

Member; and, Trina Peters, Human Resources, that included the following:

> As you know I was terminated for "elimination of position" on Friday 3/31/23 with an official end date of 4/21/23.  I was told this by former Regional Director Pat Coombs and BQ General Manager Sean Cahill.
>
> I've had some time to think about this and something doesn't smell right about my termination.
> …..
>
> When we were sold to Groundworks in November 2021, I was not given a title, nor was I terminated.  All marketing was consolidated, and my 23-year-old and 27-year-old assistants were asked to join the GW marketing team.  I was 56 at the time and was never approached by our new leadership at GW in regard to a new marketing position or any position. I hired and trained these assistants who were asked to join GW. My new role became handling customer issues and escalations, running punchwork crew(s) and handling accounts receivable.
>
> Since November 2021, I have been running crew(s) and working with escalations along with assisting our service department and appointment setters and assuming responsibility for accounts receivable.
>
> I feel that my position has not been eliminated, but that my tasks are going to younger males in the company. I'm a 58-year-old female who has a proven track record with the company and yet I have been "kicked to the curb" after years of commitment and dedication to the customers and employees of BQ. This doesn't seem fair. I asked Sean and Pat during the termination why they had not ever figured out what to do with my experience and skill set.
>
> Pat moved into our offices a year ago and never took any time to speak with me. During the termination, I mentioned to Pat that the first time he chose to talk to me was to fire me.  While I was confused about why the leadership of GW ignored me, my days were filled with meaningful and rewarding work since I was helping customers and crews. My work and performance were never questioned. I know my responsibilities will now go to younger male Field Supervisors and our younger male General Manager.
>
> At 58 years old and after 11 ½ years, I was given 3 weeks until my final day on the payroll  (during which time I am continuing to work on outstanding customer issues) with no additional help or bridge to help me during my new job search.

8

I feel this is unfair and discriminatory and I do not deserve this treatment after all my year of service to BQ.

60.     Peters responded to Plaintiff's April 5, 2023 email as follows:

Hello Margaret,

I just left a message for you, and I also sent you an email this morning requesting your availability to discuss your concerns.  I am fully aware of the position elimination and can speak to all your worries.  The business decision regarding your role was not based on your performance.  You listed several highlights during your tenure, and we agree that you were valued and appreciated much for your many contributions. This was not an easy decision for the branch.

61.     During an April 5, 2023 phone call with Peters, Plaintiff complained that she was discriminated against based on her age and her sex.

62.     Plaintiff complained to Peters that Defendants recently filled positions with younger, male employees, including those whom she had trained and/or managed, and that she had not been offered any of those positions.

63.     Peters did not deny Plaintiff's complaints about Defendants recently filling positions with younger, male employees, including those whom she had trained and/or managed, and that she had not been offered any of those positions.

64.     When Plaintiff asked why she had not been considered for open positions, Peters did not answer her question.

65.     Peters told Plaintiff that her performance had been positive, that she was the glue of the company, and that the decision to terminate Plaintiff's employment was a business decision.

66.     Plaintiff subsequently complained that she had not been offered any other position rather than being terminated.  Defendants did not address her complaint, including explaining why she had not been offered another position instead of being

terminated.

67.     To Plaintiff's information and belief, she was the only employee reporting to Gulloti who was terminated effective April 21, 2023.

68.     As of the time of Plaintiff's termination, Defendants retained three substantially younger, male employees who reported directly to Gulloti.

69.     Plaintiff's sex was a motivating and determinative factor in connection with Defendants' discriminatory treatment of Plaintiff, including failing to select her for open positions, including the General Manager position, the Production Manager position, and the Service Manager positions, and terminating her employment.

70.     Plaintiff's age was a motivating and determinative factor in connection with Defendants' discriminatory treatment of Plaintiff, including failing to select her for open positions, including the General Manager position, the Production Manager position, and the Service Manager positions, and terminating her employment.

71.     Plaintiff's age and/or sex were motivating and/or determinative factors in connection with Defendants' discriminatory treatment of Plaintiff, including failing to select her for open positions, including the General Manager position, the Production Manager position, and the Service Manager positions, and terminating her employment.

72.     As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

10

## COUNT I - Title VII

73.     Plaintiff incorporates herein by reference paragraphs 1 through 72 above, as if set forth herein in their entirety.

74.     By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated Title VII.

75.     Said violations were done with malice and/or reckless indifference.

76.     As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

77.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

78.     No previous application has been made for the relief requested herein.

## COUNT II - ADEA

79.     Plaintiff incorporates herein by reference paragraphs 1 through 78 above, as if set forth herein in their entirety.

80.     By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated the ADEA.

81.     Said violations were willful and warrant the imposition of liquidated damages.

82.     As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

11

83.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

84.    No previous application has been made for the relief requested herein.

### COUNT III – PHRA

85.    Plaintiff incorporates herein by reference paragraphs 1 through 84 above, as if set forth herein in their entirety.

86.    Defendants, by the above improper and discriminatory acts, have violated the PHRA.

87.    Said violations were intentional and willful.

88.    As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

89.    Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant's discriminatory acts unless and until the Court grants the relief requested herein.

90.    No previous application has been made for the relief requested herein.

### RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)    declaring the acts and practices complained of herein to be in violation of Title VII;

12

(b)     declaring the acts and practices complained of herein to be in violation of the ADEA;

(c)     declaring the acts and practices complained of herein to be in violation of the PHRA;

(d)     enjoining and permanently restraining the violations alleged herein;

(e)     entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

(f)     awarding liquidated damages to Plaintiff under the ADEA;

(g)     awarding punitive damages to Plaintiff under Title VII;

(h)     awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(i)     awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(j)     awarding Plaintiff such other damages as are appropriate under the Title VII, the ADEA, and the PHRA;

(k)     awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and,

13

(l)    granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

CONSOLE MATTIACCI LAW

Dated:    04/29/2025    BY:    _____

Caren N. Gormankin, Esq.
1525 Locust St., 9th Floor
Philadelphia, PA 19102
(215) 545-7676

Attorney for Plaintiff,
Margaret Mustin

14

# Exhibit "1"

Received

JUN 2 2 2023

PA Human Relations Commission Philadelphia

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

## COMPLAINT

COMPLAINANT:                                          :

**MARGARET MUSTIN**                                   :          Docket No. 202202364

v.                                                    :

RESPONDENTS:                                          :

**GROUNDWORKS OPERATIONS, LLC**                       :

and                                                   :

**KKR INVESTMENTS**                                   :

and                                                   :

**BQ BASEMENTS & CONCRETE**                           :

and                                                   :

**BASEMENTS BY BQ**                                   :

1. The Complainant herein is:

    Name:          Margaret Mustin

    Address:       ▮▮▮▮▮▮▮▮▮▮▮▮
                   Oreland, PA 19075

2. The Respondents herein are:

    Name:          Groundworks Operations, LLC; KKR Investments; BQ Basements
                   & Concrete; Basements by BQ

    Address:       106 Park Drive
                   Montgomeryville, PA 18936

3.   I, <u>Margaret Mustin</u>, the Complainant herein, allege that I was subjected to unlawful discrimination because of my age (58), my sex (female), and/or the combination of my age and sex ("age/sex") as set forth below.

### Discrimination

#### A.   I specifically allege:

[1]     I was hired by Respondents' predecessor on or about September 11, 2011.

[2]     I had more than eleven (11) years of service at Respondents.

[3]     My birth date is ██████████.

[4]     I consistently performed my job duties in a highly competent manner, and received positive feedback.

[5]     I last held the position of Account Manager.

[6]     I last reported to Michael Gullotti (male, 37[1]), Production Manager. Gullotti reported to Sean Cahill (male, 37), General Manager. Cahill reported to Pat Coombs (male, 47), Regional Director. Coombs reported to Flynn Cochran (male, 42), Senior Vice President, Operations. Cochran reported to Michael Irby (male, 50), Chief Operating Officer and President. Irby reported to Matthew Malone (male, 45), Chief Executive Officer and Founder.

[7]     Respondents have an underrepresentation of female employees, especially in high level positions.

[8]     In November 2021, Respondents failed to promote me to any Marketing position or Service Manager position. Instead of promoting me, Respondents promoted Maddie Varley (female, 26), Morgan Kauffman (female, 23), and Thomas Weinert (male, 27). I was more qualified for the Marketing and/or Service Manager positions than the substantially younger, external candidates who were selected for the positions.

---

[1] All ages herein are approximations.

[9]    Respondents failed to promote me because of age and/or sex and/or age/sex.

[10]    In January 2023, Respondents failed to promote me to Production Manager. I had no opportunity to apply for the position because the position was not posted. Instead of promoting me, Respondents promoted Gullotti (male, 37). I was more qualified for the position than the substantially younger, male employee who was promoted instead of me.

[11]    Respondents failed to promote me to Production Manager because of age and/or sex and/or age/sex.

[12]    In January 2023, Respondents failed to promote me to General Manager. I had no opportunity to apply for the position because the position was not posted. Instead of promoting me, Respondents promoted Cahill (male, 37). I was more qualified for the position than the substantially younger, male employee who was promoted instead of me.

[13]    Respondents failed to promote me to General Manager because of age and/or sex and/or age/sex.

[14]    In January 2023, Respondents failed to promote me to Service Manager. I had no opportunity to apply for the position because the position was not posted. Instead of promoting me, Respondents promoted Weinert (male, 27). I was more qualified for the position than the substantially younger, male employee who was promoted instead of me.

[15]    Respondents failed to promote me to Service Manager because of age and/or sex and/or age/sex.

[16]    In January 2023, I began reporting directly to Gullotti and indirectly reporting to Cahill.

[17]    I was the only female employee directly reporting to Gullotti.

[18]    I was the oldest employee directly reporting to Gullotti.

[19]    Neither Gullotti nor Cahill had any role in my being hired at Respondents.

[20]    I was treated differently and worse, and in a more hostile and dismissive manner, than male and/or younger employees were treated.

[21]    I was ignored.

[22]    I was excluded from meetings and communications related to my job duties and responsibilities.

[23]    I was not provided necessary information related to my job duties and responsibilities.

[24]    I was circumvented.

[25]    I was not promoted.

[26]    I was asked how much longer I planned on working. I understood this question to be evidence of age bias.

[27]    I was asked if I needed to keep working. I understood this question to be evidence of age bias.

[28]    On March 31, 2023, in a meeting with Cahill and Coombs, Respondents terminated my employment, effective April 21, 2023. The stated reason for my termination was position elimination. I was told that my job duties and responsibilities would and could be done by other employees. I stated that I did not understand why I was selected for termination, and why I was not offered another position instead of being terminated.

[29]    On April 5, 2023, in an email to Cahill, Malone, Cochran, Kimberly McDonald (female, 45), Board Member, and Trina Peters (female, 45), Human Resources, I summarized my above termination meeting and my significant amount of experience, and stated

the following: "I've had some time to think about this and something doesn't smell right about my termination." I stated: "I feel that my position has not been eliminated, but that my tasks are going to younger males in the company. I'm a 58-year-old female who has a proven track record with the company and yet I have been 'kicked to the curb' after years of commitment and dedication to the customers and employees of BQ. This doesn't seem fair. I asked Sean and Pat during the termination why they had not ever figured out what to do with my experience and skill set."

[30]    On April 5, 2023, following the above, in an email from Peters, she stated the following: "I am fully aware of the position elimination and can speak to all your worries. The business decision regarding your role was not based on your performance. You listed several highlights during your tenure, and we agree that you were valued and appreciated much for your many contributions. This was not an easy decision for the branch." Peters did not deny that I would be replaced by younger and/or male employees.

[31]    On April 5, 2023, following the above, in a phone call with Peters, I complained that I felt discriminated against because of my age and my sex. I stated that Respondents recently filled positions with much younger, male employees who I had trained and managed, and I was never offered any of those promoted positions. Peters did not deny the same. I asked why I was not considered for any open positions. Peters refused to answer my question. She stated that my performance had been positive, that I was the glue of the company, and that the decision to terminate my employment was a business decision.

[32]    After I was terminated, and I had made a complaint of age and sex discrimination, I stated that I did not understand why I was not offered a Field Supervisor or Service Manager position, or any other position, instead of being terminated, or why I had not

been promoted previously, despite being qualified. Respondents refused to provide any explanation for the same.

[33] Respondents offered no explanation, including the selection criteria, as to why I was terminated and the younger and/or male employees were retained.

[34] Respondents did not deny that my job duties and responsibilities would be assigned to younger and/or male employees.

[35] Respondents terminated my employment because of my age and/or sex and/or age/sex.

[36] I was the only employee terminated effective April 21, 2023.

[37] At the time of my termination, the following employees were directly reporting to Gullotti. I was as if not more qualified to perform each of these employee's positions.

      a. Eamonn Cleary (male, 32), Field Supervisor;

      b. Stephen Moran (male, 32), Field Supervisor;

      c. Ian Wright (male, 38), Field Supervisor;

      d. Margaret Mustin (female, 58), Account Manager.

[38] Respondents retained all other employees directly reporting to Gullotti—all of whom were substantially younger and male.

[39] Respondents retained male and/or younger employees in positions for which I was more qualified.

[40] Respondents assigned my job duties to substantially younger and/or male employees. I was more qualified to perform my job duties than the substantially younger and/or male employees to whom Respondents assigned them.

[41]     I had no disciplinary or performance issues throughout my employment.

[42]     Respondents' conduct and comments evidence a bias against older and/or female employees.

[43]     Respondents' age, sex, and age/sex discrimination against me has caused me emotional distress.

**B.**   Based on the aforementioned, I allege that Respondents have discriminated against me because of my age (58), my sex (female), and/or the combination of my age and sex ("age/sex") in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

4.     The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

_X_     **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):** _(a)_

_____     Section 5.1 Subsection(s) _____

_____     Section 5.2 Subsection(s)_____

_____     Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

5.     Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

**__X__    This charge will be referred to the EEOC for the purpose of dual filing.**

6.    The Complainant seeks that Respondents be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c) Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

6/22/23
(Date Signed)          (Signature)    Margaret Mustin

Oreland, PA 19075

# Exhibit "2"

EEOC Form 161-B (01/2022)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Margaret McGonigle**

████████████████

**Oreland, PA 19075**

From: **Philadelphia District Office**
**801 Market St, Suite 1000**
**Philadelphia, PA 19107**

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **17F-2023-60804** | **Jane Duncan**<br>**State, Local & Tribal Program Manager** | **(267) 589-9737** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

*Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** \*of your receipt of this Notice.\*  Otherwise, your right to sue based on the above-numbered charge will be lost.*

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.*

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By: Karen McDonough
1/30/2025

Enclosures(s)

**Karen McDonough**
**Deputy District Director**

cc: **For Respondent**

Desirae Thomas, Esq.
Moore & VanAllen
100 North Tryon Street, Suite 4700
Charlotte, NC 28202

**For Charging Party**

Caren N. Gurmankin, Esq.
Console Mattiacci Law
1525 Locust Street, 9th Floor
Philadelphia, PA 19102